# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-20788
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
September 12, 2017

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

CRISTIAN ERIC VASQUEZ-AGUILAR, also known as Crestian Eric Vasquez, also known as Cristian E. Vasquez-Aguilar, also known as Christian Eric Vasquez Aguilar,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:16-CR-289-1

Before KING, ELROD, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

On December 19, 2016, Cristian Eric Vasquez-Aguilar pleaded guilty of being found in the United States without permission, following removal. His 18-month, within-guidelines sentence, imposed on January 4, 2017, included an eight-level adjustment because the district court determined that Vasquez-Aguilar, prior to his first deportation in 2014, had "sustained a conviction for

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

a felony offense for which the sentence imposed was two years or more."
U.S.S.G. § 2L1.2(b)(2)(B).  Specifically, Vasquez-Aguilar's 2014 deportation
followed his 2013 conviction and two-year deferred adjudication probationary
sentence, under Texas law, for manufacturing/ delivering between one and four
grams of cocaine.  After Vasquez-Aguilar returned to the United States
illegally in 2015, the state court adjudicated his probation for two years of
imprisonment.  On appeal, Vasquez-Aguilar contends that the district court
reversibly erred by applying the challenged adjustment because, contrary to
the mandate of § 2L1.2, his two-year custodial sentence on the 2013 Texas
cocaine conviction was not imposed until after he "was ordered deported or
ordered removed from the United States for the first time."  § 2L1.2(b)(2).

We review the district court's interpretation of the guidelines de novo
and its factual determinations for clear error.  *See United States v. Solis-
Garcia*, 420 F.3d 511, 514 (5th Cir. 2005).  During the pendency of this appeal,
we decided *United States v. Franco-Galvan*, __ F.3d __, No. 16-41556, 2017 WL
2713434, at *4 (5th Cir. June 22, 2017), in which we held that our prior holding
in *United States v. Bustillos-Pena*, 612 F.3d 863 (5th Cir. 2010), still governs
the interpretation of the current version of § 2L1.2(b)(2).  Pursuant to *Franco-
Galvan* and *Bustillos-Pena*, the district court erred by applying
§ 2L1.2(b)(2)(B) to Vasquez-Aguilar's 2015 sentence, which was issued post-
deportation.

As argued by Vasquez-Aguilar, the imposed sentence exceeded the 10-to-
16 month range applicable without the district court's erroneous application of
the § 2L1.2(b)(2)(B) adjustment.  The Government has not attempted to prove
that the district court's guidelines error was harmless, and the record is not
amenable to such an argument.  Although Vasquez-Aguilar also challenges the
procedural reasonableness of the sentence based on the adequacy of the district

court's reasons for the sentence, we need not consider that issue in light of the disposition of this appeal.

We VACATE the sentence and REMAND to the district court for resentencing.